[No. 4428.]

MARIA A. BURTON, HARRY H. BURTON, BY MARIA A. BURTON, HIS GUARDIAN AD LITEM, AND NELLIE BURTON, *v.* W. N. ROBINSON.

LIMITATION OF ACTIONS AS TO SPANISH GRANT.—The Statute of Limitations affords no defense to one who, without right, enters into possession of a Spanish grant belonging to an infant, if a suit for its recovery is commenced within five years after the infant attains his majority.

IDEM.—The owner of a Mexican grant of land which has not been finally surveyed or patented, cannot recover possession of the same from one who has been five years in the adverse possession thereof after the owner has attained his majority.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The grant under which the plaintiffs claim was for two square leagues within larger exterior limits. The defendant

was in the possession of one hundred and sixty acres within the exterior limits. He claimed the same as government land, with the intent of acquiring title thereto as a pre-emptor.

The defendant appealed.

The other facts are stated in the opinion.

*I. Hartman, and Glassell, Chapman & Smiths*, for the Appellant.

The defendant relied upon the Statute of Limitations. The grant has not yet been finally surveyed or patented. What the rights of the plaintiff may be when that event happens it is unnecessary to discuss; until then, under the settled law of the State, the action is barred. (*San Jose* v. *Trimble*, 41 Cal. 536.)

*V. E. Howard*, for the Respondents.

Ejectment may be maintained on the government's grant alone. (*Ferris* v. *Coover*, 10 Cal. 589.)

Until survey by the United States, the grantee can maintain ejectment for the whole quantity within the exterior limits. (*Mahoney* v. *Van Winkle*, 21 Cal. 552.)

The decree of confirmation with the grant was sufficient title. (*Natoma* v. *Clarkin*, 14 Cal. 544; 46 Cal. 202; *Gardiner* v. *Miller*, 47 Cal.; *Henshaw* v. *Bissell*, 19 Wallace.)

By the COURT:

The action (commenced in 1871), is ejectment, and the plaintiffs—one of whom, Henry Burton, is an infant—allege that they are seized in fee and entitled to the possession of the premises in controversy as tenants in common. The defendant denies the title of the plaintiffs, and also sets up the Statute of Limitations as a defense. It appears that the title upon which the plaintiffs rely is founded upon a Mexican grant issued in 1845; that the claim based upon this grant was presented for confirmation pursuant to the act of Congress, March 3, 1851, to ascertain and settle private land titles in California, and was confirmed by the District Court of the United States in 1870, and by the

Supreme Court, upon appeal, in 1872. No proceedings concerning a survey of the premises have taken place. The defendant proved that he and his grantor had been continuously in possession of the premises from the year 1862 down to the commencement of the action. The court below, upon these facts, gave judgment for the plaintiffs for the recovery of the whole of the premises.

1. It is clear that the Statute of Limitations afforded no defense as against the infant plaintiff Harry. (Act of April 18, 1863, 326, Sec. 4, Subd. 1.)

2. It is equally clear that, as against the other plaintiffs, Maria and Nellie, who are adults, the statute did operate a defense in favor of the defendant in this action. The title upon which they recovered had not been finally confirmed. No patent had issued thereon. The sixth section of the act of 1850, as amended by the first section of the act of April 18, 1863, provides that no action for the recovery of real property shall be maintained unless the plaintiff, or some one from whom he derives title, was seized or possessed thereof within five years before the commencement of the action, and the circumstances do not bring the case within either of the saving clauses of the sixth section of the act of 1863, or the provision of the next succeeding section of that act. There can be no doubt, that as against an *unconfirmed grant* of this character, and before the issuance of the patent, the statute applies.

Judgment reversed and cause remanded, with directions to render judgment in favor of the plaintiff, Harry H. Burton, and, as to the other plaintiffs, in favor of the defendant.